Mr. David Yarberry Administrative Services Manager City of Little Rock Police Department 700 West Markham Little Rock, AR 72201-1329
Dear Mr. Yarberry:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -109), concerning the release of certain records under the FOIA.
You have received a request for "the personnel records and adverse action files" pertaining to a particular named officer.
I am directed by law to issue an opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). You have not indicated whether the custodian of the records has determined that these records should be released, nor have you provided me with a copy of the records that are responsive to the request. In the absence of this information, I cannot opine definitively concerning the release of the records that have been requested. I will therefore set forth the tests that are applicable to the types of records that have been requested. On the basis of these legal guidelines, you can make a determination concerning the release of the requested records.
Records that fall within the description "personnel records and adverse action files" will likely constitute either "personnel records," within the meaning of the FOIA, or "employee evaluation/job performance records," within the meaning of the FOIA. It will be important for the custodian of the records to classify the records correctly, because the standard for the release of these two types of records differs. I will set forth those standards below:
Personnel Records
Under the FOIA, "personnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).
A threshold determination that the custodian must make, therefore, is which of the records constitute "personnel records." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act
(m m Press, 3rd Ed., 1998) at 134.
If the records that have been requested are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employee in question.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
Employee Evaluation/Job Performance Records
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Another threshold determination that the custodian must make, therefore, is whether any of the requested records constitute "employee evaluation or job performance records," within the meaning of the FOIA. Again, the FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g.,
Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the records that have been requested are, in fact, employee evaluations or job performance records, the custodian must apply the above-stated three part standard.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. If those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below, the requested records should be released.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins, cited previously, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id.
at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information.
The custodian must evaluate each of the records that have been requested under the foregoing principles to determine whether they contain information that would render them subject to the exemptions for personnel records or for employee evaluation/job performance records.
I must note several miscellaneous matters regarding any record that is released: All such records should be reviewed to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the record prior to its release. For example, if the record contains social security numbers, they should be redacted.See, e.g., Op. Att'y Gen. No. 99-011, citing 5 U.S.C. § 522a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No. 99-054. In addition, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Ops. Att'y Gen. Nos.2001-123; 99-054. It should also be noted that some records may contain references to various employees, and can therefore constitute the personnel records or the employee evaluation/job performance records of employees other than the one in question in the request with which you have been presented. If this is the case, the records must be evaluated in connection with that other employee, under the applicable tests set forth above.
Finally, I note that records that are otherwise releasable may be withheld from release if they contain information in which an individual has a constitutional privacy interest. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock, 298 Ark. 219,766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
If the custodian of the records determines factually that any information in the requested records meets the three prongs of test laid out by theMcCambridge court, he must then consider whether the governmental interest in disclosure under the Act (i.e., the public's legitimate interest in the matter) outweighs any privacy interest in their non-disclosure. Again, this determination will be a factual one, based upon the information available to the custodian.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General